UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAMES PARRIS,                        )

                           )

            Plaintiff,     )      **AMENDED COMPLAINT**

                         )

  -against-                 )      **JURY TRIAL DEMANDED**

                         )

THE CITY OF NEW YORK; POLICE OFFICER  )      13 Civ. 7934 (VSB)
JOSEPH WALSH, Shield No. 20772; SERGEANT )
JAMES ARNETH, Shield No. 3799; SERGEANT  )
VINCE SPINOLA, Shield No. 4384; JOHN DOES; )
and RICHARD ROES,            )

                         )

           Defendants.    )
---------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff JAMES PARRIS seeks relief for

the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees,

and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on October 24, 2012.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff JAMES PARRIS was at all times relevant herein a resident of the State of New York, Bronx County.  Plaintiff JAMES PARRIS is African-American.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9.      Defendants POLICE OFFICER JOSEPH WALSH, Shield No. 020272, SERGEANT JAMES ARNETH, SERGEANT VINCE SPINOLA, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER JOSEPH WALSH, Shield No. 020272, SERGEANT JAMES ARNETH, SERGEANT VINCE SPINOLA, and JOHN DOES are sued individually.

10.      Defendants SERGEANT VINCE SPINOLA, SERGEANT JAMES ARNETH, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and

3

were otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  SERGEANT VINCE SPINOLA, SERGEANT JAMES

ARNETH, and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     On August 9, 2012, approximately 12:20 a.m., Plaintiff was present at or around

the intersection of Bainbridge Avenue and Vancourtlandt Avenue, Bronx, NY.

12.     Plaintiff was walking with some acquaintances to the store, minding his own

business, and there was no possible justification for the police to approach him in any way.

13.     An unmarked police vehicle pulled up.

14.     Two plainclothes JOHN DOES members of the NYPD, on information and belief

Defendant WALSH and SERGEANT JAMES ARNETH (who, on information and belief, on that

date had the rank of Police Officer), got out of the vehicle.

15.     One of the JOHN DOES, on information and belief Defendant WALSH, said, in

sum and substance, "get on the wall."

16.     The officers searched Plaintiff and his acquaintances against the wall, without

cause or justification.

17.     Plaintiff asked the officers, on information and belief twice, what Plaintiff and his

acquaintances were being stopped for.

18.     Defendant WALSH said, in sum and substance, "just get your fucking hands on

the wall."

19.     Defendant WALSH put his hands inside Plaintiff's pockets, and patted down the

rest of Plaintiff's body.

4

20.     Defendant WALSH removed money from Plaintiff's pockets, and a small folding pocketknife.

21.     The pocketknife was a legal pocketknife.

22.     The pocketknife's blade was approximately two inches long.

23.     The pocketknife was not a "gravity knife" (i.e., the blade could not open with a flick of the wrist with gravity or centrifugal force).

24.     Defendant WALSH responded to Plaintiff's question by telling Plaintiff that Plaintiff was being "an asshole," and Defendant WALSH commented that Plaintiff had a knife in his pocket.

25.     Plaintiff was never given a reason for why he was stopped by the police.

26.     Defendant WALSH put Plaintiff in handcuffs, and asked Plaintiff, in sum and substance, "why did you have to be an asshole?"

27.     The handcuffs were placed on Plaintiff with an excessive and punitive tightness.

28.     Defendant WALSH attempted multiple times to flick the knife open with gravity or centrifugal force to check if it was a gravity knife.

29.     The knife would not flick open with gravity or centrifugal force, and it was very clear that the knife was not a gravity knife.

30.     Defendant WALSH threw Plaintiff's knife across the street.

31.     Defendant ARNETH asked Defendant WALSH why he threw the knife.

32.     Plaintiff responded that the knife had been thrown because it was not illegal.

33.     Defendant ARNETH said to Plaintiff, in sum and substance, "now you are going in."

34.     Defendant ARNETH went across the street and retrieved the knife.

35.     The officers continued to make comments referencing Plaintiff as an "asshole," and placed Plaintiff into the police vehicle.

36.     Plaintiff was taken to the NYPD 52nd Precinct, and the officers continued to ask Plaintiff why he had been an asshole on the way to the precinct.

37.     Plaintiff was taken to the bathroom, and strip searched by, on information and belief, Defendant WALSH, without cause or justification.

38.     During the strip search Defendant WALSH said to Plaintiff, in sum and substance, "why did you have to give me a hard time," and "we didn't have to go down this route."

39.     Plaintiff was held in a holding cell at the precinct until approximately 4:00 p.m.

40.     While he was held in the holding cell Plaintiff was told by a police officer, in sum and substance, that he would not be there if the Sergeant, on information and belief Defendant SERGEANT VINCE SPINOLA, had not approved his arrest.

41.     Plaintiff asked for water and food during the time he was held at the precinct but neither was provided to him.

42.     Plaintiff was taken from the precinct to Bronx Central Booking, where he was held until approximately 2:00 a.m. on August 10, 2012, when he was released on his own recognizance following his arraignment.

43.     Plaintiff was charged with Criminal Possession of a Weapon in the 4th Degree.

44.     Defendant WALSH is the deponent on the Criminal Court complaint that was lodged against Plaintiff, and falsely attests under penalty of perjury that the knife was a gravity knife.

6

45.     Plaintiff had to return to court approximately five times until the criminal charge against him was dismissed in its entirety on March 19, 2013.

46.     Plaintiff has never received his legal knife, which was a gift from his mother, back from Defendants.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

47.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

48.     By their conduct and actions in seizing plaintiff, searching plaintiff, strip-searching plaintiff, converting plaintiff's property, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, fabricating evidence against plaintiff, violating and retaliating for the exercise of plaintiff's right to free speech, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, JOSEPH WALSH, Shield No. 20772, SERGEANT JAMES ARNETH, SERGEANT VINCE SPINOLA, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

7

49.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

50.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

51.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants SERGEANT VINCE SPINOLA, SERGEANT JAMES ARNETH and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

52.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

53.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

54.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies,

practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

55.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

56.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

57.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

58.   At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had <u>de facto</u>

policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of

and/or retaliation for individuals' exercise of free speech in a manner that affronts police officers

or is interpreted by police officers as challenging their authority or documenting or reporting their

misconduct.  These policies, practices, customs, and usages were a direct and proximate cause of

the unconstitutional conduct alleged herein.

59.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
### FOR STATE LAW VIOLATIONS

60.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

61.     The conduct of the individual defendants alleged herein, occurred while they were

on duty and in uniform, and/or in and during the course and scope of their duties and functions as

New York City police officers, and/or while they were acting as agents and employees of the

defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW

YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

62.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

63.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

64.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

66.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

67.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## SEVENTH CLAIM

### MALICIOUS PROSECUTION

69.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

70.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### ABUSE OF PROCESS

72.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and

violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

74.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

75.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

76.     By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

77.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

78.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

79.     By the actions described above, defendants violated plaintiff's rights to equal

protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### TRESPASS

81.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

82.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

83.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

84.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

85.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were

14

the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and

common law rights as guaranteed by the laws and Constitution of the State of New York.

86.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## THIRTEENTH CLAIM

### NEGLIGENCE

87.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

88.     The defendants, jointly and severally, negligently caused injuries, emotional

distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

89.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## FOURTEENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

90.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

91.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained,

supervised and trained defendants.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

92.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

### CONSTITUTIONAL TORT

93.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

94.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

95.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

96.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTEENTH CLAIM

### CONVERSION

97.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

98.     Through their actions in causing a serious interference with, and/or in seriously

16

interfering with, plaintiffs' right of possession in their property, and/or in exercising unauthorized possession and/or ownership over plaintiffs' property, defendants wrongfully converted plaintiffs' property.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

99.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

17

Dated:          New York, New York
                March 30, 2014

                                          _____/S/_____
                                          JEFFREY A. ROTHMAN, Esq.
                                          315 Broadway, Suite 200
                                          New York, New York 10007
                                          (212) 227-2980

                                          Attorney for Plaintiff